*678 LUTTIG, Circuit Judge,
dissenting:
The Supreme Court remanded this case to us for reconsideration in light of Wilson v. Layne, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). In Wilson, the Court held that “[a] court evaluating a claim of qualified immunity ‘must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all id. at 608, 119 S.Ct. 1692 (quoting Conn v. Gabbert, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999)), before proceeding to determine whether a right that existed was clearly established at the time that the unconstitutional conduct allegedly occurred. The plaintiff in this case, Lesly Jean, alleges that his constitutional rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), were violated, and, at least according to the concurrence, separately that his due process rights were violated, by the conduct of defendant police officers Collins and Shingleton.
As to Jean’s Brady allegation, the concurrence categorically holds today that Brady is not violated when a police officer fails, for whatever reason, to produce exculpatory and material evidence to the prosecutor, and therefore that a police officer can never be liable under Brady for the non-production of information to the prosecution. In reaching this holding, the concurrence reasons that Brady is violated only when the prosecution fails to provide exculpatory and material information to the defendant. The concurrence thus concludes that Jean has not alleged a violation of his constitutional rights under Brady by alleging that officers Collins and Shingle-ton failed to produce exculpatory evidence to the prosecution. I need not, and do not, express a view on this question.
As to the allegation of a separate due process violation, the concurrence also holds that, although Brady is not violated by such, the due process clause itself might independently be violated if an officer fails to provide exculpatory information to the prosecution. The concurrence holds that an independent due process violation (independent of Brady, that is) can be established, if at all, only upon proof that the officer “intentionally withheld [] evidence for the purpose of depriving the plaintiff of the use of that evidence during his criminal trial.” Ante at 663.
Having so held with respect to the possibility of an independent due process violation, the court proceeds to conclude not that Jean has or has not alleged a due process violation, but, rather, that he has not proven that the officers in this case deprived him of due process by intentionally withholding the evidence at issue for that purpose. See, e.g., ante at 662 (“The conduct of Shingleton and Collins lies well below this threshold [of bad faith withholding of exculpatory information].”); id. (“Jean simply is unable to provide evidence of a bad faith deprivation carried out by Collins and Shingleton — a matter on which the burden plainly rests with the plaintiff.”); id. at 662 (“[Jean] does not point to any evidence showing that the officers actually knew of the significance of [the evidence at issue].”); id. (“Jean points to nothing that resembles the kind of affirmative misuse of power that the Supreme Court has indicated would implicate due process protections.”); id. at 663 (“Because there was no threshold bad faith deprivation ....”); id. at 663 (“[Bad faith] must be established on the basis of evidence. ... ”). Indeed, the concurrence tellingly concludes its opinion as follows: “What occurred here was at worst a negligent miscommunication among Vatcher, Collins, and Shingleton....” Id. at 663-64.
I am not in a position, on the record before us, to draw such a conclusion, nor, in my opinion, is the court. And I do not even believe that it is appropriate under the qualified immunity scheme to dispose of Jean’s claim on this ground. The only task properly before this court is to determine whether the plaintiffs have alleged the violation of a constitutional right, and, if so, whether that right was clearly estab *679 lished at the time that the alleged violation occurred — and no more.
If the concurrence is not to undertake the proper qualified immunity analysis, then the proper course is to remand the case to the district court for further proceedings, assuming, that is, that we are going to impute to Jean first, the allegation of an independent due process violation, and second, even the specific allegation of an intentional withholding for the purpose of depriving Jean of his rights, as the concurrence does. Such a remand would permit Jean to develop, if possible, evidence to support the allegation imputed to him by the concurrence, that the information was intentionally withheld for the purpose of preventing him from using it at trial.
While the concurrence deemphasizes the fact, Jean’s central (and I believe only) theory from the outset of this case has been that the failure of officers Collins and Shingleton to produce to the prosecution certain exculpatory evidence constituted a Brady violation. Given that there is no mens rea requirement under Brady, Jean has had the opportunity to develop all the facts relevant to this claim. • But it is a different matter altogether with respect to the alleged independent due process violation that the concurrence ascribes to Jean (albeit in my view questionably). With respect to this claim, Jean had no notice even that such a claim might exist, much less that, in order to prove such a claim, he would be required to establish that the evidence was intentionally withheld from him for the specific purpose of preventing him from using that evidence at trial. In other words, until today, Jean not only had no reason to believe that a violation of due process other than that recognized under Brady existed; neither did he have any reason to believe that he would be required to prove specific intent — and the specific intent newly held to be required by the concurrence today — in order to establish a due process violation by the non-production of exculpatory evidence. Therefore, Jean has never even had the cause, much less the opportunity, to develop a record with regard to Collins’ and Shingleton’s state of mind in withholding the evidence. Indeed, the only record that exists is as to what information was and was not produced to the prosecution by the defendants.
Given that Jean heretofore did not have reason to believe that he should develop a record as to the defendants’ state of mind, I believe that the court is obliged at a minimum to permit Jean the opportunity to establish on remand that Collins and Shingleton intentionally withheld the evidence in question for the purpose of preventing him from using it at trial. I simply do not believe it is right to dismiss out of hand Jean’s central allegation that his rights under Brady v. Maryland were violated; ascribe to him a different due process violation than the one he clearly contemplated; create for the first time the substantive standard that will govern the disposition of such a claim; and then conclude from a record entirely undeveloped as to the substantive elements of that new cause of action not even that he has failed to allege a violation, but that he has failed to prove that violation — and failed to do so as a matter of law. I therefore dissent from the judgment of the court.